IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLINT AND SANDY FIZER, husband and wife, | Case No. 4:11-CV-364-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER OF TRANSFER** |
| v. | |
| THYSSENKRUPP ELEVATOR, a Delaware Corporation, and JOHN and/or JANE DOES I through V, | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion to transfer venue filed by defendant ThyssenKrupp Elevator Corporation. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## LITIGATION BACKGROUND

The plaintiff Clint Fizer originally filed this suit on behalf of himself and his wife in the Seventh Judicial District Court in Bonneville County, Idaho. Fizer claimed that while working at Cargill Dry Milling in Ogden, Utah, he was injured when a malfunctioning elevator, manufactured and serviced by defendant ThyssenKrupp, dropped some 18 feet and then stopped abruptly. Fizer claims his injuries will need continuing treatment, including numerous back surgeries.

**Memorandum Decision & Order of Transfer - 1**

Defendant ThyssenKrupp removed the case to this Court, and filed a motion to transfer the case to Utah under 28 U.S.C. § 1404(a).

## LEGAL STANDARDS

The parties assume that this Court has venue under the general venue statute, 28 U.S.C. § 1391, and that the proper analysis for transfer is under § 1404(a) rather than § 1406(a). The Court will proceed accordingly.

Section 1404(a) allows transfer of a case from one federal district court to another "for the convenience of parties and witnesses in the interest of justice." 28 U.S.C. § 1404(a). The district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The Court must first determine if the Fizers could have filed suit originally in Utah. *See Hoffman v. Blaski*, 363 U.S. 335 (1960)(holding that transfer under § 1404(a) is only proper if transferee court was one in which plaintiff could have filed suit originally); 15 Wright et.al., *Federal Practice & Procedure*, § 3845 (3d ed. 2007)("a case cannot be transferred to a district in which the defendant is not subject to service of process, and where, therefore, in personam jurisdiction cannot be obtained over the defendant"). Venue would have been proper in Utah originally because the accident occurred there. *See* 28 U.S.C. § 1391(a)(2) (finding that venue lies where a "substantial part of the events or omissions giving rise to the claim" occurred). Moreover, the record contains evidence that ThyssenKrupp's Utah office entered into a service agreement with

Cargill in Utah for the elevator at issue here, and thus it appears ThyssenKrupp would be subject to personal jurisdiction in Utah. Finally, there appears to be diversity between plaintiffs, Utah residents, and ThyssenKrupp, a Delaware corporation.

Finding that the case could have brought originally in Utah federal court, the Court proceeds next to determine if the convenience factors warrant transferring the case there. The relevant factors include the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones,* 211 F.3d at 498-99.

## ANALYSIS

The Fizers allege that they have "significant contacts with the State of Idaho." *See Fizer Affidavit (Dkt. No. 10-1)* at p. 2. Clint Fizer alleges that he lived in Idaho Falls, Idaho for three years from 2003 to 2006 and that his wife grew up in Idaho. *Id.* He also alleges that he has "received significant medical treatment while living in or traveling to Southeast Idaho," although this treatment relates to pre-existing conditions; he was treated in Utah for the injuries he received in the elevator accident. He does allege that he has "scheduled follow-up medical care with physicians in Idaho as a result of" the injuries at issue here. *Id.*

While the plaintiff's choice of forum is to be respected in the venue determination, it "is given less weight if . . . the plaintiff is a nonresident of the chosen forum . . . ." *See* 15 Wright, *supra*, at § 3848 (concluding that this result "is one of sound judicial administration and reflects good common sense").  The Fizers are residents of Utah and so their choice to sue in Idaho is entitled to little weight.  Their connection to Idaho is slight: They have scheduled some follow-up medical care here and will call some Idaho residents to testify about Clint Fizer's condition before the accident.  While Fizer's Idaho witnesses may be beyond the subpoena power of a Utah court, they all appear to be "friendly" witnesses who are much more likely to appear voluntarily.

In comparison to these weak Idaho connections, the link to Utah is much stronger.  It was in Utah that (1) the accident occurred, (2) the elevator was installed and serviced, and (3) the initial medical care for Clint Fizer was delivered.  Moreover, the Fizers have not countered ThyssenKrupp's assertion that Utah law will apply to this dispute.

Under these circumstances, the factors in the § 1404(a) analysis tip decidedly toward transferring the case to Utah.  Accordingly, the Court will grant ThyssenKrupp's motion.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to transfer (docket no. 7) is GRANTED.

IT IS FURTHER ORDERED, that the Clerk of the Court shall take the steps

necessary to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States

District Court for the District of Utah, Central Division.



DATED:  **December 19, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge